IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. CANDICE BALDWIN | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MILLERSVILLE UNIVERSITY, | : | |
| | : | |
| Defendant. | : | NO. 18-3257 |

**DEFENDANT MILLERSVILLE UNIVERSITY'S**
**<u>ANSWER TO THE COMPLAINT</u>**

Defendant Millerville University, by the undersigned counsel, hereby answers Plaintiff's

Complaint as follows:

**<u>THE PARTIES</u>**

1.      This is an incorporation paragraph, to which no response is required.

2.      Admitted.

3.      Defendant lacks sufficient knowledge and information to form a belief as to the

truth of these allegations; they are thus denied.

4.      Admitted.

5.      Admitted.

6.      These allegations constitute conclusions of law to which no response is required.

**<u>JURISDICTION AND VENUE</u>**

7.      This is an incorporation paragraph, to which no response is required.

8.      These allegations constitute conclusions of law to which no response is required.

9.      These allegations constitute conclusions of law to which no response is required.

10.      These allegations constitute conclusions of law to which no response is required.

11.     These allegations constitute conclusions of law to which no response is required.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12.     This is an incorporation paragraph, to which no response is required.

13.     These allegations constitute conclusions of law to which no response is required.

14.     Admitted.

15.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of these allegations; they are thus denied.

16.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of these allegations; they are thus denied.

17.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of these allegations; they are thus denied.

## FACTUAL SUMMARY

18.     This is an incorporation paragraph, to which no response is required.

19.     Admitted.

20.     Admitted.

21.     Denied.

22.     Denied as written. Admitted that Plaintiff's position as Assistant Vice President for Student Success and Retention was contingent on successful completion of a probationary period. The remaining allegations are denied as written.

23.     Admitted.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied as written. Admitted that Plaintiff met with Defendant's Human Resources Department on or around November 2, 2016. The remaining allegations are denied as written.

34.     Denied as written. Admitted that, on or around November 8, 2016, Defendant extended Plaintiff's probationary period due to performance concerns. The remaining allegations are denied as written.

35.     Denied.

36.     Denied as written. Admitted that Defendant scheduled a meeting between Plaintif and her Supervisor. The remaining allegations are denied as written.

37.     Denied as written. Admitted that Defendant was informed that she was being placed on Administrative Leave with full pay and benefits while further investigation was done with regards to the plagiarism. The remaining allegations are denied as written.

38.     Admitted.

39.     Denied.

40.     Admitted.

41.     Denied.

## COUNT I – RETALIATION
## <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>

42.     This is an incorporation paragraph, to which no response is required.

43.     These allegations constitute conclusions of law to which on response is required.

44.     These allegations constitute conclusions of law to which on response is required.

45.     These allegations constitute conclusions of law to which on response is required.

46.     These allegations constitute conclusions of law to which on response is required.

## COUNT II – RETALIATION
## <u>THE PENNSYLVANIA HUMAN RELATIONS ACT</u>

47.     This is an incorporation paragraph, to which no response is required.

48.     These allegations constitute conclusions of law to which on response is required.

49.     These allegations constitute conclusions of law to which on response is required.

50.     These allegations constitute conclusions of law to which on response is required.

51.     These allegations constitute conclusions of law to which on response is required.

## COUNT III – RACE DISCRIMINATION – DISPARATE TREATMENT
## <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 11964, AS AMENDED</u>

52.     This is an incorporation paragraph, to which no response is required.

53.     These allegations constitute conclusions of law to which on response is required.

54.     These allegations constitute conclusions of law to which on response is required.

55.     These allegations constitute conclusions of law to which on response is required.

56.     These allegations constitute conclusions of law to which on response is required.

57.     These allegations constitute conclusions of law to which on response is required.

58.     These allegations constitute conclusions of law to which on response is required.

59.     These allegations constitute conclusions of law to which on response is required.

**COUNT IV – RACE DISCRIMINATION – DISPARATE TREATMENT
<u>THE PENNSYLVANIA HUMAN RELATIONS ACT</u>**

60.     This is an incorporation paragraph, to which no response is required.

61.     These allegations constitute conclusions of law to which on response is required.

62.     These allegations constitute conclusions of law to which on response is required.

**COUNT V – RACE DISCRIMINATION – HOSTILE WORK ENVIRONMENT
<u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>**

63.     This is an incorporation paragraph, to which no response is required.

64.     These allegations constitute conclusions of law to which on response is required.

**COUNT VI – RACE DISCRIMINATION – HOSTILE WORK ENVIRONMENT
<u>THE PENNSYLVANIA HUMAN RELATIONS ACT</u>**

65.     This is an incorporation paragraph, to which no response is required.

66.     These allegations constitute conclusions of law to which on response is required.

**COUNT VII
<u>42 U.S.C § 1981</u>**

67.     This is an incorporation paragraph, to which no response is required.

68.     These allegations constitute conclusions of law to which on response is required.

69.     These allegations constitute conclusions of law to which on response is required.

70.     These allegations constitute conclusions of law to which on response is required.

71.     These allegations constitute conclusions of law to which on response is required.

**AFFIRMATIVE DEFENSES**

1.     Any claim against Defendant under 42 U.S.C. § 1981 is barred by Eleventh

Amendment Immunity.

2.     42 U.S.C. § 1981 does not create a private cause of action

JOSH SHAPIRO
ATTORNEY GENERAL

BY:    /s/ Kathy A. Le_____
          KATHY A. LE
Office of Attorney General          Deputy Attorney General
1600 Arch Street, Suite 300         Attorney I.D. No. 315677
Philadelphia, PA 19103
Phone: (215) 560-2141            KELI M. NEARY
Fax:   (717) 772-4526         Chief Deputy Attorney General
          Chief, Civil Litigation Section

          Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. CANDICE BALDWIN | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MILLERSVILLE UNIVERSITY, | : | |
| | : | |
| Defendant. | : | NO. 18-3257 |

**CERTIFICATE OF SERVICE**

I, Kathy A. Le, hereby certify that on October 2, 2018, Defendant Millersville

University's Answer to the Complaint has been filed electronically and is available for viewing

and downloading from the Court's Electronic Case Filing System ("ECF"). The ECF System's

electronic service of the Notice of Electronic Case Filing constitutes service on all parties who

have consented to electronic service.


BY:   /s/ Kathy A. Le_____
KATHY A. LE
Deputy Attorney General